Pennsylvania Oil Products Refining Company, Appellant, v. Willrock Producing Company, Incorporated, and Others, Defendants, and First National Bank of Olean, New York, Respondent.— Judgment so far as appealed from reversed on the law and facts, with costs, and counterclaim dismissed, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: As we interpret the rule laid down in Pennsylvania Oil Products Co. v. Willrock Producing Co. (267 N. Y. 427), we think that the evidence falls short of the strict proof

required to establish an equitable lien, and that the finding to that effect is both contrary to and against the weight of the evidence. No new evidence has been produced upon the second trial to support respondent's claim, and the surrounding circumstances disclosed by this record furnish little or no aid. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. All concur, Sears, P. J., in result on the facts only in the following memorandum: I agree with the dissenting justices that no rule of law was laid down by the Court of Appeals upon the former appeal in this case and that the language referred to is a discussion of the facts. Nevertheless I reach the conclusion on the facts that no equitable lien was established and, therefore, concur for reversal upon the facts; except Taylor and Thompson, JJ., who dissent and vote for affirmance in the following memorandum by Taylor, J.: When this case was in this court upon the former appeal (242 App. Div. 425), we made a new finding of fact that an oral agreement had been made between plaintiff and defendant bank to the effect that the bank should have a lien upon all oil underground — and upon the proceeds of such oil after it had been run and marketed — a lien prior to the lien of plaintiff's mortgage. The judgment of the Court of Appeals (267 N. Y. 427) in which a new trial was ordered was a determination of fact so far as said finding is concerned. Upon the second trial it was the duty of the trial court to pass upon the facts as if they had never been heard before. (*Gugel* v. *Hiscox*, 216 N. Y. 145.) I think that the judgment now under consideration not only has credible evidence to support it, but that it is amply sustained by the evidence. (The judgment decrees plaintiff's mortgage subject to the lien of the defendant bank in an action to foreclose a mortgage.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.